```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 _____
                                )
JAMES DAVID LOGAN,              )
         Plaintiff,             )
                                )
     v.                         )   Civil Action No.
                                )   18-12394-NMG
JAMISON CORPORATION and SPECIAL )
FBI AGENT DAVIS,                )
         Defendants.            )
                                )
 _____ )
```

## MEMORANDUM AND ORDER

**GORTON, J.**

On November 15, 2018, the Court received a one-page, handwritten complaint from James David Logan ("Logan"), a prisoner in custody at a California State Prison in Lancaster, California. The submission suggests that money from Jamison Corporation in the amount of $185,000 was confiscated by FBI Special Agent Mike Davis on May 11, 2011. The complaint appears to request the appointment of Brianna Mircheff of the Federal Public Defender's Office for the Central District of California.

Because Logan is a prisoner, his complaint is subject to preliminary screening. Under 28 U.S.C. § 1915(A), the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief.  In conducting this review, the Court liberally construes the plaintiff's pleadings because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A search of Logan's litigation history on the federal Judiciary's Public Access to Court Electronic Records ("PACER") service reveals that Logan is a "three-strikes" litigant pursuant to 28 U.S.C. § 1915(g).  See Logan v. Tomer, No. 17-cv-00887 (E.D. Ca. Sept. 6, 2017) (denying leave to proceed in forma pauperis because Logan has had at least eight cases dismissed that constitute "strikes").  If a plaintiff has three strikes, section 1915(g) prevents that plaintiff from filing a subsequent in forma pauperis action unless the plaintiff is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

Even with a liberal construction, the instant action cannot survive preliminary review because Logan has not alleged facts which even remotely suggest that he has a viable legal claim and that venue would be proper in this district.

Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and

that amending the complaint would be futile." Id. at 36-37. To the extent Logan can pay the $400 filing fee, he may initiate a new civil action.

Accordingly, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(A). The clerk shall enter a separate order of dismissal.

**So ordered.**

                                              **/s/ Nathaniel M. Gorton**
                                              **Nathaniel M. Gorton**
                                              **United States District Judge**

**Dated: December 28, 2018**